

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. H. L. Washburn
County Auditor
Houston, Texas

Dear Sir:

(This Opinion Overrules Opinion
#O-2976 & -2976-A)

Opinion No. O-5825

Re: Are claims for salary of the
official shorthand reporter of
the 127th District Court of Harris
County entitled to approval by the
County Auditor of Harris County
since the District Judge has recent-
ly resigned.

We are in receipt of your request for an opinion on the above matter and same has been carefully considered. We quote from said request as follows:

"I respectfully request an official opinion of your Department upon the following question:

"Are claims for salary of the official short-hand reporter of the 127th District Court of Harris County entitled to approval under the law by me, as County Auditor of Harris County, in view of the fact that the Judge of that Court has recently resigned? You will understand that the question arises only as to salary claims which arise sub-sequent to the resignation of the Judge of that Court.

"The facts as stated in the attached opinion rendered at my request by Mr. Ernest A. Knipp, of the firm of Lewis & Knipp, Attorneys of Houston, Texas, are correct, and for the purpose of your

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

opinion, are adopted as the basis of my request.
The opinion is transmitted to you for whatever
value it may have in assisting you to reach a
correct conclusion on the question presented.

"I will very much appreciate an early opin-
ion, by which I may be guided in acting upon
these claims."

The facts stated in the opinion of Mr. Ernest A. Knipp
to which you refer and which is dated January 19, 1944, are as
follows:

"On the 6th day of January, 1944, the
Hon. Kenneth McCalla submitted to the Hon.
Coke Stevenson, Governor of Texas, his
resignation as Judge of the 127th District
Court. We understand that the Governor ac-
cepted the resignation by letter dated
January 12th and that copy of his letter
was filed with the Secretary of State; and
that the Governor has publicly indicated
that he will not act to appoint a successor
to Judge McCalla. Under these circumstances,
the question arises as to whether or not the
resignation will operate to vacate the
appointment of the official shorthand re-
porter.

"We understand further that Judge McCalla
appointed Mr. Rosenthal official court reporter
in accordance with the provisions of Art. 2321,
R.C.S. 1925. He has taken no action to
terminate that appointment, and since the res-
ignation of the Judge, the reporter has con-
tinued to perform such services as may be re-
required. No special judge has been selected,
and at this writing, we understand that no
other judge has been assigned to perform any
duties connected with the 127th District Court."

In the case of Bexar County vs. Gazley, 172 S.W (2d)
702, wherein a court reporter recovered judgment on a claim for
salary, the court had under consideration a question similar to
that asked by you which was based upon the following facts:

"Hon. Everett F. Johnson, now deceased, was Judge of the 57th District Court on May 6, 1942, at which time, acting by authority of Art. 2321 of the Revised Civil Statutes of the State of Texas, he reappointed Henry L. Cazley Official Shorthand Reporter for said 57th District Court. Henry L. Cazley then took the oath of office prescribed by Art. 2322, R.C.S., and in every respect fully qualified as such Official Shorthand Reporter, and has continued to act as such reporter up to and including the present time. He was appointed to serve during the pleasure of the Court as is provided by said Art. 2321. During May, 1942, Judge Johnson answered the call of his country and was commissioned a First Lieutenant in the Army Air Corps of the United States. On October 1, 1942, Judge Johnson lost his life in an Army transport crash."

The court affirmed said judgment and held as follows:

"The one and only question here presented is, did the death of Judge Johnson terminate Cazley's term of office as such Reporter? We have concluded that it did not. It is significant that Art. 2321, supra, provides that the Reporter shall be appointed by the 'Judge' but shall serve during the pleasure of the 'Court'. The 'Judge' may act as a judge in vacation, in chambers, or at any and all places, but he can only act as a court when he is in his court room and while the court is open and in session. When Judge Johnson met his death he ceased to be the Judge of the 57th District Court, but the Court continued to exist and will continue to exist unless and until it is abolished by an act of the Legislature. On October 1, 1942, Judge Robert W. B. Terrell was acting as Special Judge of the 57th District Court, but refused to act further as such Special Judge after he was informed of the death of Judge Johnson.

However, several District Judges of this State were designated by Hon. W.W. McCrory, Presiding Judge of the Fourth Administrative Judicial District, to hold court in the 57th District Court, and such judges did hold court and transact a great deal of business in said court.

"There can be no question but that Gazley was appointed for a term of at least two years unless sooner discharged by the Court. He was never discharged by any judge presiding in the 57th District Court and, therefore, it was the pleasure of the Court to have him serve for the months of October, November and December, 1942."

In opinions Nos. 0-2976 and 0-2976-A, this department considered a similar question under facts somewhat different from those stated by you, as well as those considered in the Bexar County-Gazley case, and held that the claim for salary therein discussed should not be approved. These opinions, however, were written prior to the ruling in the Bexar County-Gazley case, and it is our opinion that the rules of law announced in said case are controlling. You are advised, therefore, that the claims for salary of the official court reporter of the 127th District Court of Harris County should be approved and paid until such times as his services are legally dispensed with. Our opinions Nos. 0-2976 and 0-2976-A are hereby overruled insofar as they are in conflict herewith.

We desire to express our appreciation of your sending to us the opinion rendered you by Mr. Ernest A. Knipp, and we herewith return said opinion to you. You will note that we agree with the conclusion reached by him, and we are always glad to have and consider opinions of others.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett
Assistant

JWB:ff:bb
Encl.
APPROVED FEB. 17, 1944
/s/ G. P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
By-B.W.B.,Chairman